```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
PIR MUMTAZ KHAN, LORENZO              :   13 Civ. 5043 (AJN) (JCF)
PALAZZOLO, and KINGSLEY               :
KPD 786 LLC,                          :
                                      :
              Plaintiffs,             :       REPORT AND
                                      :       RECOMMENDATION
     - against -                      :
                                      :
JOSPEH McELROY and DUMAS              :
INTERNATIONAL LTD.,                   :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE ALISON J. NATHAN, U.S.D.J.:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/15

The plaintiffs in this action allege that the defendants fraudulently induced them to invest $90 billion provided by a Malaysian investor, Sumadi bin Wardi, in Kingsley/Dumas LLC ("Kinglsey/Dumas"), a company that was never actually formed. In connection with this transaction, the defendants purportedly appropriated an initial investment of $10 billion without the plaintiffs' consent and without compensating them. Notwithstanding the extraordinary amount of money allegedly at issue, the plaintiffs have abandoned this litigation, and I recommend that the action be dismissed for failure to prosecute.

Background

The initial complaint in this proceeding was filed on July 19, 2013, and the individual defendant, Joseph McElroy, submitted an answer on October 28, 2013. On November 4, 2013, the Honorable

Alison J. Nathan, U.S.D.J., issued a case management order directing the parties to complete depositions by January 8, 2014, fact discovery by February 8, 2014, and expert discovery by March 25, 2014. The plaintiffs subsequently amended the complaint, and on February 7, 2014, Judge Nathan extended the fact discovery deadline to June 8, 2014, and referred the case to me for general pretrial supervision. The plaintiffs then sought to amend the complaint again and to further extend the discovery deadline. On August 7, 2014, I issued a Memorandum and Order granting the motion to amend and extending the fact discovery deadline to November 28, 2014, and the expert discovery deadline to December 31, 2014. I also set a deadline of January 31, 2015, for the parties to submit a joint pretrial order or file any dispositive motions. January 31 came and went without submissions by any party. I therefore issued an order on March 10, 2015, directing the parties to file the pretrial order by March 31, 2015, and warning that failure to do so would result in dismissal of the action for failure to prosecute. No pretrial order has been submitted.

Discussion

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P.

2

16(f)(1). Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice is an appropriate sanction for a plaintiff's failure to prosecute a claim, Fed. R. Civ. P. 41(b), and a court may enter an order of dismissal sua sponte, Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962); LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Portorreal v. City of New York, __ F. Supp. 3d __, __, 2015 WL 1500058, at *2 (S.D.N.Y. 2015).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009).

A. Duration of Delay

"[T]he first factor consists of two related inquiries: first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct.

3

18, 2007) (quoting Spencer, 139 F.3d at 113). Here, the failure lies squarely with the plaintiffs. They are responsible for advancing the litigation, yet they neither complied with the deadline for submitting the pretrial order nor proffered any excuse for failing to do so. To be sure, the delay has not been extraordinary, but there is no absolute measure by which to determine whether a delay is significant. Rather, the determination is case-specific: "significant" delay can range from weeks to years depending upon the surrounding circumstances. See United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 255 (2d Cir. 2004) (holding seventeen-month delay in prosecution to be significant); Quattlebaum v. McDonald, No. 1:10-CV-1143, 2012 WL 386724, at *3 (N.D.N.Y. Feb. 6, 2012) (finding delay of five weeks to be significant). In this case, there is no reason to believe that the plaintiffs will cure their default within a reasonable time.

B. Notice

In my order providing the plaintiffs with a final opportunity to submit the pretrial order, I specifically indicated that failure to comply would result in dismissal of the complaint. Such an explicit warning satisfies the notice requirement. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

4

C.   Prejudice to the Defendants

Whether the defendants have been prejudiced "'turns on the degree to which the delay was lengthy and inexcusable.'" United States v. Gellerstein, No. 08 CV 2702, 2011 WL 710446, at *6 (E.D.N.Y. Feb. 22, 2011) (quoting Drake, 375 F.3d at 256). As noted above, the delay here has not been extensive, but no excuse has been offered. Furthermore, the defendants have lived under the cloud of this litigation for almost two years, during which they have been required to answer the successive complaints and respond to discovery demands. They are entitled to finality.

D. Court Congestion

This case has been on this Court's docket for almost two years, and the plaintiffs' "noncompliance with the Court's [o]rders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." Martin v. City of New York, No. 09 Civ. 2280, 2010 WL 1948597, at *3 (S.D.N.Y. May 11, 2010) (dismissing complaint for delay of two and one-half months although fourth factor weighed partially in favor of plaintiff); see also Davis v. Rowe, No. 1:10-CV-220, 2011 WL 3159133, at *3 (N.D.N.Y. July 26, 2011) (dismissing complaint for failure to prosecute although fourth factor did not weigh heavily in favor of dismissal).

5

E.  Lesser Sanctions

Since dismissal is a harsh sanction, a court must consider whether less severe sanctions would be effective. Zaretsky v. Zaretsky, No. 10 CV 3771, 2011 WL 8085263, at *4 (E.D.N.Y. Oct. 13, 2011); Jenkins v. City of New York, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) ("[D]ismissal is appropriate only when lesser sanctions would be ineffective."). Because the plaintiffs have been warned of the consequences of failure to comply with deadlines and have simply failed to respond, it is doubtful that a second warning would be effective. See, e.g., Brow v. City of New York, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal of pro se plaintiff's complaint, noting "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); Middleton v. United States, No. 10 CV 6057, 2011 WL 7164452, at *6 (E.D.N.Y. June 28, 2011) (finding further warning would be ineffective because plaintiff was warned multiple times of consequences of failing to move case forward); Valenti v. United States, No. 07 CV 879, 2008 WL 2264535, at *2 (E.D.N.Y. April 21, 2008) (finding plaintiff's disregard of explicit warning suggested that any sanction other than dismissal would be ineffective). Moreover, it is hard to imagine a more compelling incentive to proceed with this litigation than the prospect of obtaining a judgment commensurate with the

6

plaintiffs' substantial monetary claims; yet, this incentive has proven insufficient. Accordingly, I find that sanctions less severe than dismissal would not be effective.

Conclusion

For the reasons set forth above, I recommend that the complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Alison J. Nathan, U.S.D.J., Room 2102, 40 Foley Square, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 23, 2015

Copies transmitted this date:

James DeCristofaro, Esq.
DeCristofaro Law
260 W. 26th St., Suite 7Q
New York, NY 10001

7

Joseph McElroy
4023 S. Marion Ave.
Tulsa, OK 74135

Dumas International Ltd.
4023 S. Marion Ave.
Tulsa, OK 74135